IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                          PLAINTIFF

     v.                    Civil No. 13-3056

SHERIFF MIKE MOORE; JAIL
ADMINISTRATOR JASON DAY;
NURSE MANDY JONES; FORMER
SHERIFF DANNY HICKMAN;
DETECTIVE RYAN WATSON; and
CAPTAIN BOB KING                                         DEFENDANTS

## ORDER

Pending before me for decision are the following motions: (1) motion for judgment (Doc. 8) filed by Plaintiff; (2) motion for judgment (Doc. 9) filed by Plaintiff; (3) motion to amend (Doc. 11) filed by Plaintiff; (4) motion for entry of default (Doc. 12) filed by Plaintiff; (5) motion for default judgment (Doc. 15) filed by Plaintiff; (6) motion for leave to file answer out of time (Doc. 17) filed by Defendants; (7) motion for recusal (Doc. 21) filed by the Plaintiff; (8) motion/questions to the Court (Doc. 26) filed by Plaintiff; (9) motion for clerk's default judgment (Doc. 31) filed by the Plaintiff; (10) motion for Court's default judgment (Doc. 32) filed by the Plaintiff; (11) motion for court order (Doc. 35) filed by the Plaintiff; and (12) motion to strike (Doc. 36) filed by the Plaintiff.

**Motions for Entry of Default and Default Judgment (Docs. 8, 9, 12, 15 & 31, 32) and Motion to Answer Out of Time (Doc. 17)**

On May 7, 2013 (Doc. 3) service was directed on the Defendants. On May 21, 2013, returns of service were filed indicating Defendants had been served on May 14, 2013, with the exception of Ryan Watson who was served on May 15th (Doc. 7). This made their answers due

-1-

on June 4th and June 5th, respectively. Plaintiff has filed multiple motions requesting the entry of default and default judgment.

Defendants have filed a motion for leave to file an answer out of time (Doc. 17). In the motion, defense counsel states that he was unaware of the fact that the Boone County Defendants were served.

Rule 6(b) of the Federal Rules of Civil Procedure allows the Court to extend the time to file a pleading "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an elastic concept that empowers the court to accept, where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Chorosevic v. Metlife Choices, 600 F.3d 934, 946 (8th Cir. 2010)(internal quotation marks and citation omitted). In determining whether excusable neglect exists, the Court considers: "(1) the possibility of prejudice to the [the Plaintiff]; (2) the length of [Defendants'] delay and the possible impact of that delay on judicial proceedings; (3) [Defendants] reasons for delay, including whether the delay was within their reasonable control; and (4) whether [Defendants] acted with good faith." Id. (internal quotation marks and citation omitted).

Here, no answer was filed because defense counsel was unaware of the existence of the lawsuit. Further, there is little prejudice to the Plaintiff and the law favors decisions on the merits. I find excusable neglect has been demonstrated. Defendants will be allowed to answer out of time. The motion for leave to file an answer out of time (Doc. 17) is granted. The Clerk's entry of default made on June 18, 2013 (Doc. 14) is set aside. The motions for default and default judgment (Docs. 8, 9, 12, 15 & 31, 32) are denied.

-2-

Defendants have until **November 6, 2013,** to file their answer.  **Defendants are reminded that they were directed (Doc. 3) to provide the Court with a current address and phone number of Former Sheriff Danny Hickman when they respond to the complaint.**

**Motion to Amend** (Doc. 11)

Plaintiff asks to amend him complaint to include Sheriff Danny Hickman on each claim made.  The motion (Doc. 11) is granted.  Plaintiff is given until **November 13, 2013,** to file an amended complaint.   The Clerk is **directed to mail the Plaintiff a court-approved § 1983 form to use for filing the amended complaint.**  In the amended complaint, Plaintiff must write short, plain statements telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff must repeat this process for each person he has named as a Defendant.

The Plaintiff must clearly designate on the face of the document that it is a first amended complaint.  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and **may not incorporate any part of the original complaint.**  A first amended complaint supersedes, or takes the place of, the original complaint.  After amendment, the Court will treat the original complaint as nonexistent.  Any cause of action that was raised in the original complaint is waived if it is not raised in the first amended complaint.

-3-

**Motion for Recusal** (Doc. 21)

Plaintiff asks that I recuse because of an order entered on June 26, 2013, in which the Court directed the clerk to send copies of the summons return (Doc. 7) and the entry of default (Doc. 14) to Colin P. Wall of the Rainwater, Holt and Sexton law firm.  Plaintiff contends the Court should not have taken this action and instead should have entered default judgment in his behalf.

The motion (Doc. 21) is denied.  The order does not exhibit personal bias or prejudice within the meaning of the recusal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455.   The court merely, in the exercise of its discretion, advised the counsel ordinarily representing the Defendants of the pendency of the case so that this case may be resolved on the merits.  The court has not ruled against the Plaintiff on the merits of the case.   However, even if the undersigned had ruled against the Plaintiff, adverse "rulings do not, by themselves, demonstrate bias.'"  Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1329 (8th Cir. 1985)(Section 455(b)--citations omitted); see also Moore v. McGraw Edison Co., 804 F.2d 1026, 1032 (8th Cir. 1986)(Section 144 requires recusal only when the alleged personal bias is extrajudicial).

**Motions/Questions for the Court** (Doc. 26)

In this motion, Plaintiff asks is there are any other actions he must take to obtain default judgment against the Defendants.  The motion (Doc. 26) is denied as moot.

**Motion for Court Order** (Doc. 35)

In this motion, the Plaintiff seeks access to a law library or legal material so that he may challenge his conditions of confinement and prosecute his current civil actions.   The motion (Doc. 35) is denied.  The right of access to the Courts does not provide the Plaintiff with a right

-4-

to "discover *grievances*" or to "*litigate effectively* once in court." <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).

**Motion to Strike** (Doc. 36)

Plaintiff objects to the Court having filed document 28 as a supplement to the complaint. He maintains the document was to supplement his request for assistance in gaining access to legal materials or a law library.  The motion to strike (Doc. 36) is granted.   The Clerk is directed to strike Document 28.

IT IS SO ORDERED this 28th day of October 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)