IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DANIEL RAY BROWN**                                                    **PLAINTIFF**

**V.**                    **CASE NO. 3:13-CV-03056**

**SHERIFF MIKE MOORE; JAIL**
**ADMINISTRATOR JASON DAY;**
**NURSE MANDY JONES; FORMER**
**SHERIFF DANNY HICKMAN;**
**DETECTIVE RYAN WATSON; and**
**CAPTAIN BOB KING**                                                    **DEFENDANTS**

## ORDER

Comes on for consideration the Report and Recommendation ("R & R") (Doc. 64) filed in this case on February 3, 2015, by the Honorable Mark E. Ford, United States Magistrate for the Western District of Arkansas, regarding Defendants' Motion for Summary Judgment (Doc. 55). More than fourteen (14) days have passed without objections being filed by the parties; accordingly, the Court finds that the R & R should be, and hereby is, **APPROVED** and **ADOPTED**. However, the Court finds it necessary to clarify which of Brown's many claims have been dismissed and which remain in this lawsuit as discussed below.

Brown maintains that while incarcerated at Boone County Detention Center ("BCDC"), his constitutional rights were violated because: (1) he was subjected to unconstitutional conditions of confinement by being housed with inmates who had genital herpes and staph infections; (2) he was not provided an adequate diet; (3) he was forced to watch CNN news coverage continually without access to local news unless he was able

to obtain a copy of the local newspaper; (4) the detention center officers were not properly trained in the use of tasers and pepper spray and used these to intimidate him; (5) he was not provided a safe environment and was fearful of one inmate who made threats and racial slurs in general; (6) he was discriminated against when Defendants failed to investigate his kidnapping allegations; (7) personal mail was restricted to post cards only; and (8) he was denied access to a law library.[1] The Court adopts the detailed facts as set forth in the R & R, and those will not be recounted in this Order.

The Magistrate recommends that all claims identical to ones Brown has asserted in his other cases before this Court should be either dismissed as duplicative or barred by *res judicata*. These include Brown's claim that BCDC officers were not properly trained in the use of tasers and pepper spray; the claim that he was discriminated against when Defendants failed to investigate his kidnapping allegations; all claims against Watson and King; and the denial of access to a law library. The Magistrate further recommends that Defendants' Motion be granted as to: (1) Brown's allegations of inadequate diet; (2) exposure to high levels of noise; (3) being housed in an unsafe environment; and (4) all official capacity claims against Defendants. However, the Magistrate opined that Defendants are not entitled to summary judgment regarding Brown's allegations as to whether: (1) being housed with an inmate with a staph infection constitutes deliberate indifference to his constitutional rights; (2) he had access to a newspaper; and (3) remaining Defendants are entitled to qualified immunity on the surviving claims.

---

[1] Brown raises the allegation that he was not given an opportunity for outside exercise for the first time in his Response to the Motion for Summary Judgment. He fails to allege this in his Complaint. Because Brown concedes that this issue is before the Court in Case No. 3:14-CV-03005, it will not be addressed here.

The Court, being well and sufficiently advised, finds that the R & R (Doc. 64) should be and hereby is **ADOPTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 55) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** with respect to the following claims:

(1) failure to provide an adequate diet;

(2) failure to train officers in the use of tasers and pepper spray, as this is barred by *res judicata* as duplicative of Brown's allegation in Case No. 5:13-CV-03065;

(3) denial of access to the law library, as this is barred by *res judicata* as duplicative of Brown's allegation in Case No. 3:12-CV-03150;

(4) failure to investigate Brown's kidnapping allegations, as this is barred by *res judicata* as duplicative of his allegation in Case No. 3:12-CV-03150;

(5) housing Brown in an unsafe environment;

(6) exposing Brown to high levels of noise;

(7) restricting personal mail to post cards only, as this is barred by *res judciata* as duplicative of Brown's allegations in Case No. 3:12-CV-03150; and

(8) official-capacity claims against all Defendants. All of the above claims are **DISMISSED WITH PREJUDICE**. Further, all claims against Separate Defendants Bob King and Ryan Watson are **DISMISSED WITH PREJUDICE**.

The Motion is **DENIED** with respect to the following claims:

(1) alleged constitutional violations due to being housed with an inmate with a staph infection;

(2) lack of access to a newspaper; and

(3) Defendants' entitlement to qualified immunity on these two remaining claims.

**IT IS SO ORDERED** this 18th day of March, 2015.

_____
TIMOTHY L. BROOKS
UNITED SemTATES DISTRICT JUDGE